## Edward E. Wilson, Defendant in Error, v. James E. White, Plaintiff in Error.

### Gen. No. 16,779.

1. APPEALS AND ERRORS—*when instructions presumed correct.* Instructions must be presumed to be correct where no complaint is made of them and they are not preserved in the record.

2. BILLS AND NOTES—*illegality of consideration.* In an action on a note claimed to have been given in a business arrangement contemplating the making of usurious loans and the doing of a loan brokerage business without a license in violation of an ordinance, *held,* under conflicting evidence, that the note was given in settlement of an account between the parties and that there was ample consideration from legitimate transactions.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed December 30, 1912.

S. A. T. WATKINS, for plaintiff in error.

ALBERT B. GEORGE, for defendant in error.

MR. JUSTICE BROWN delivered. the opinion of the court.

Although propositions of law have been discussed in the arguments in this cause, there are none which we consider properly before us. The instruments sued on were a promissory note for $350, dated November 24, 1899, and a contract or agreement dated January 22, 190*3*, but evidently so dated by mistake for January 22, 190*4*. This last instrument provided in consideration of a certain quitclaim of real estate by the plaintiff that the defendant should pay the plaintiff seventy-five dollars in cash and give the plaintiff another promissory note for ninety dollars. On the promissory note sued on sixty-five dollars was paid by the defendant to the plaintiff at various times, leaving $285 of the principal and the interest at six per cent per annum due. When this suit was brought

in March, 1910, the note had been running more than ten years, and was more than nine years overdue. On the agreement or contract the seventy-five dollars in cash had been paid, but the note for ninety dollars had not been given, and damages measured by this amount were also claimed by the plaintiff. The cause was submitted to a jury under instructions from the court, which must be presumed to be correct as no complaint is made of them nor are they even preserved for us in the record.

The assignments of error in this court allege the admission of improper evidence on the part of the plaintiff, but nothing of this nature is pointed out in the brief and argument of the plaintiff in error—and examination of the record shows very few rulings of any sort on evidence. Such as appear were plainly correct or adverse to the defendant in error.

The jury found a verdict on which judgment was afterward entered for $546.31—an amount within the sum due upon the two instruments sued on if they are given effect.

The complaint of the plaintiff in error is therefore solely based on the position that this verdict is against the law and the evidence in that the note and agreement were both shown to be invalid as springing from business arrangements between the plaintiff and defendant to do an illegal business,—illegal because it contemplated the making of usurious loans by plaintiff to third parties, and illegal because it contemplated also the violation by both parties of a city ordinance against the doing of a loan brokerage business without a license.

This seems to be a different position from that taken by the defendant in the court below, where he maintained that the note was given without consideration as an accommodation to the plaintiff. But he made out neither defense. The facts shown were that as the result of previous business transactions the plaintiff claimed the defendant owed him money; that two years

after these transactions were over, in November, 1894, the defendant and plaintiff met for the purpose of settling their accounts; that they came to a settlement and agreed that White owed Wilson $350; that White made the note sued on for that amount, due in one year after date with interest at six per cent. until paid; that there was ample consideration for this note in legitimate transactions between the parties; that July 18, 1901, White paid Wilson forty dollars on account of the note, on July 25, 1901, ten dollars, and in 1904 at some time fifteen dollars, but has paid no more, although he seems to have made an unsuccessful effort to raise money to do so. The instrument containing the agreement to give the ninety dollar note was also given for a valid consideration, and there appears to us nothing illegal in it.

We do not think any defense was successfully made to the case presented by the production of the note and contract and proof of default in them, and the judgment of the municipal court is affirmed.

*Affirmed.*